UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL E. INMAN, JR.,

    Plaintiff,

    v.                                   CAUSE NO.: 3:18CV248-PPS/MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Michael E. Inman, Jr., a prisoner without a lawyer, filed a complaint alleging that he was subjected to inhumane conditions while housed at the Indiana State Prison. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Inman alleges that pigeons and other birds have taken up residence in the facility where he is being housed, and that there are bird droppings everywhere. The facility is also infested with mice and roaches. These unsanitary conditions have caused Inman to suffer from headaches, sinus issues, and other health problems. He has sued

Superintendent Ron Neal, Assistant Superintendent Payne, and Captain Boyld for monetary damages.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate

complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Here, Inman has resided in a facility infested with pigeons, other birds, mice, and roaches since at least December 20, 2017, resulting in physical injuries. Prolonged exposure to infestations such as this can amount to an Eighth Amendment violation. *See Davis v. Williams*, 216 F.Supp.3d 900, 907-08 (N.D.Ill. 2016). Inman's allegations satisfy the objective prong of the inquiry. With respect to the subjective prong, Inman alleges that Superintendent Neal, Assistant Warden Payne and Captain Boyld are each aware of this situation, but they took no action to fix it. This constitutes deliberate indifference. Ultimately, giving him the inferences to which he is entitled, I find that Inman has stated enough to proceed on his claim.

ACCORDINGLY, the court:

(1) GRANTS Michael E. Inman, Jr. leave to proceed against Superintendent Neal, Assistant Superintendent Payne, and Captin Boyld in their individual capacities for compensatory damages for subjecting Inman to unsanitary living conditions from being housed with pigeons, other birds, mice, and roaches while housed at the Indiana State Prison, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve

process on Superintendent Ron Neal, Assistant Superintendent Payne, and Captain Boyld at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Superintendent Ron Neal, Assistant Superintendent Payne, and Captain Boyld respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 13, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT